# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO AUGUSTIN RODRIGUEZ-FERRUFINO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-02432-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering Petitioner's immediate release.

### I.

### BACKGROUND

Petitioner is a noncitizen who entered the United States at or near Hidalgo, Texas, on or about February 3, 2016 and was detained. On February 4, 2016, Petitioner was served with Forms 1-200, I-862, and I-286 and "processed . . . as a Notice to Appear (NTA) at McAllen, Texas." (ECF No. 1 at 2, 21–22; ECF No. 8-1 at 5.[1]) On February 5, 2016, Petitioner was

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

released on recognizance. Petitioner initially had an ankle monitor, but the ankle monitor was removed after a few months. (ECF No. 1 at 2–3, 24, 26.) After his release, Petitioner resided with his brother-in-law in Huntington Park, California for ten years, timely applied for asylum, and obtained work authorization, a Social Security number, and a driver's license. Petitioner was employed at a construction company for the past seven years, paid taxes, and appeared at court hearings. Petitioner has no criminal history. (ECF No. 1 at 3.)

On October 30, 2023, an immigration judge ordered Petitioner removed. On November 27, 2023, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). That appeal is still pending. (ECF No. 8-1 at 5.)

On January 25, 2026, immigration officials detained Petitioner. According to the Form I-213,[2] a Border Patrol agent witnessed Petitioner "attempting to use a tool to jimmy the driver's side door of a grey SUV." (ECF No. 8-1 at 3.) The Form I-213 states that the agent approached Petitioner, asking what Petitioner was doing and what country Petitioner was from, and Petitioner attempted to walk away. The Border Patrol agent informed Petitioner "that he was under arrest at which point he instantly began to fight and resist arrest." (Id.) Two agents wrestled Petitioner to the ground and Oleoresin Capsicum (OC) spray was deployed. Petitioner was able to grab the OC spray but did not deploy it. (Id. at 3–4.) According to the petition, Petitioner was "near his own vehicle,"[3] "which had [a] problem with the door lock, and he was attempting to open it" when another "vehicle stopped near his car and 2 masked individuals r[a]n away from that vehicle toward" Petitioner who was "shocked . . . and instinctively stepped back." (ECF No. 1 at 3, 16.) The petition alleges that the officers never identified themselves as Border Patrol agents, did not inform Petitioner that he was under arrest, and started to attack Petitioner. (Id. at 17.)

\\\

---

[2] "A Form I-213 is 'a recorded recollection of a[n INS agent's] conversation with the alien' which 'border agents routinely complete after interviewing aliens.'" Smith v. Garland, 103 F.4th 663, 665 (9th Cir. 2024) (alteration in original) (quoting Espinoza v. INS, 45 F.3d 308, 310 & n.1 (9th Cir. 1995)).

[3] The petition cites to Exhibit D, entitled "Petitioner's own vehicle's Title 'Nissan Extera,'" which appears to be a photocopy of a State of California form, but the Court is unable to discern whether it is a copy of the title of the vehicle.

On March 30, 2026, Petitioner filed a petition for writ of habeas corpus[4] and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) The district judge denied the motion for TRO as untimely. (ECF No. 5.) On April 21, 2026, Respondents filed a response. (ECF No. 8.) On April 24, 2026, Petitioner filed a reply. (ECF No. 10.)

## II.

## DISCUSSION

### A.  8 U.S.C. § 1225(b)(1)(A)

Respondents assert that "Petitioner is presently detained under 8 U.S.C. § 1225(b)(1)(A)(iii)(II), as an alien amenable to expedited removal, but who was placed into full § 1229a removal proceedings in the exercise of discretion of the U.S. Department of Homeland Security ("DHS") after being intercepted within two years of entry without inspection." (ECF No. 8 at 1–2.) This Court has previously rejected a similar argument:

> Additionally, petitioner is not now subject to expedited removal, because she was paroled into the United States in 2022. Section 1225(b)(1), the expedited removal provision, applies to "an alien ... who is arriving in the United States or ... [a]n alien ... who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility ...." 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(II).
>
> As someone who has been physically present in the United States for over two years, petitioner is not "an alien ... who is arriving in the United States." *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1012 (9th Cir. 2020) (explaining that a "person standing at the border is ... [at] the penultimate stage in the process of arriving in the United States" within the meaning of section 1225). And because petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A), she is not an "alien ... who has not been admitted or paroled ...." *Id.* The Court agrees with other courts which have found that a noncitizen who has been paroled into the United States cannot later be subject to expedited removal, even if their parole has expired or been terminated. *See Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *21–27 (D.D.C. Aug. 1, 2025); *N.Y.V.D. v. Santracruz*, No. 5:25-CV-03404-WLH-SP,

---

[4] Although the petition is not signed, the Court will disregard this defect. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition. However, the defect is one that the district court may, if it sees fit, disregard." (citations omitted)).

2025 WL 3786964, at *3 (C.D. Cal. Dec. 23, 2025); *Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at *4–5 (N.D. Cal. Sept. 5, 2025).

Robles-Rodriguez v. Lyons, No. 1:25-cv-02001-KES-SAB (HC), 2026 WL 303482, at *3–4 (E.D. Cal. Feb. 4, 2026).

Similarly, here, Petitioner was released on recognizance in February 2016, has been physically present in the United States for over two years, and thus, cannot later be subject to expedited removal. Accordingly, the undersigned recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A). See Castellon v. Kaiser, No. 1:25-cv-00968 JLT EPG, 2025 WL 2373425, at *4 (E.D. Cal. Aug. 14, 2025) ("*Coalition* concluded that the statute [8 U.S.C. § 1225(b)(1)(A)(iii)(II)] 'forbids the expedited removal of noncitizens who have been, at any point in time, paroled into the United States.'" (alteration added) (quoting Coal. for Humane Immigrant Rts. v. Noem, 805 F. Supp. 3d 48, 83 (D.D.C. 2025))); Garcia v. Andrews, No. 1:25-cv-01006 JLT SAB, 2025 WL 2420068, at *5 (E.D. Cal. Aug. 21, 2025) ("This section [8 C.F.R. § 235.3(b)(1)(ii)] specifically precludes expedited removal as to any alien placed on parole.").

**B. Procedural Due Process**

Petitioner challenges his detention on procedural due process grounds. (ECF No. 1 at 9.) "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas at 690. Relying on Morrissey v. Brewer, 408 U.S. 471 (1972), courts in this district have consistently held that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody. See, e.g., Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); J.A.E.M. v. Wofford, No. 1:25-cv-01380-KES-HBK (HC), 2025 WL 3013377, at *3–6 (E.D. Cal. Oct. 27, 2025); J.C.L.A. v. Wofford, No. 1:25-cv-01310-KES-EPG (HC), 2025 WL 2959250, at *3–5 (E.D. Cal. Oct. 17, 2025); Qazi v. Albarran, No. 2:25-cv-02791-TLN-CSK,

2025 WL 3033713, at *4 (E.D. Cal. Oct. 10, 2025); Martinez Hernandez v. Andrews, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *10 (E.D. Cal. Aug. 28, 2025); Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *8 (E.D. Cal. Aug. 20, 2025); Maklad v. Murray, No. 1:25-cv-00946 JLT SAB, 2025 WL 2299376, at *7–8 (E.D. Cal. Aug. 8, 2025).

"Respondents recognize that the majority of judges in the Eastern District of California have accepted Petitioner's arguments." (ECF No. 8 at 2.) Respondents' arguments have been rejected by this Court in other proceedings, and Respondents have not distinguished this matter from the Court's prior decisions that have granted habeas relief for similar claims. Accordingly, the undersigned recommends granting the petition for the reasons stated in Castellon v. Kaiser, No. 1:25-cv-00968 JLT EPG, 2025 WL 2373425 (E.D. Cal. Aug. 14, 2025), and Garcia v. Andrews, No. 1:25-cv-01006 JLT SAB, 2025 WL 2420068 (E.D. Cal. Aug. 21, 2025).

## C. Appropriate Relief

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C. v. Robbins, No. 1:25-cv-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025) (ordering immediate release of petitioner who allegedly violated reporting requirements four times); Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G. v. Chesnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous

times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, Respondents do not allege, and there is nothing in the record before this Court, that Petitioner violated his conditions of release. Although Respondents note "Petitioner was arrested and detained after a U.S. Border Patrol agent saw Petitioner attempting to break into a vehicle" and "Petitioner became combative and tried to resist arrest," (ECF No. 8 at 2), Petitioner explained that he was attempting to open the door of his own vehicle, which has a faulty lock, and described his perspective of his encounter with the agents, (ECF No. 1 at 16–17). Given that Petitioner complied with his release conditions for ten years and has no criminal history, the undersigned recommends finding that immediate release is appropriate. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1037–38 (N.D. Cal. 2025) ("The only potential injury the government faces is a short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that [his] detention is necessary to prevent danger to the community or flight.").

**D. Respondents' Request for Abeyance**

Respondents request that "[i]n the alternative, the Court should hold the matter in abeyance pending the Ninth Circuit's resolution of" Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir.). (ECF No. 8 at 3.) Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), concerned the "practice by the Tacoma Immigration Court of interpreting the Immigration and Nationality Act ('INA') to require detention without the possibility of bond for noncitizens who entered the United States without inspection, even if they have lived here for years and can prove they present neither a flight risk nor a danger to the community." Id. at 1303 (footnote omitted). The district court granted summary judgment "to the Bond Denial Class[5] on their

---

[5] The Bond Denial Class is defined as:

claims that their detention under 8 U.S.C. § 1225(b)(2) is unlawful" and declared "that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" and that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." Rodriguez Vazquez, 802 F. Supp. 3d at 1336.

The Court is doubtful the Ninth Circuit decision in Rodriguez Vazquez will impact the conclusion that Petitioner has a protected liberty interest that arises from his prior release from immigration custody. Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez Vazquez.

**III.**

**RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1.  The petition for writ of habeas corpus be GRANTED.

2.  Respondents be directed to immediately release Petitioner from custody with the same conditions he was subject to immediately prior to his re-detention on January 25, 2026.

3.  Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and

---

[A]ll noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.
Rodriguez Vazquez, 802 F. Supp. 3d at 1336.

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 14, 2026**                    /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

8