**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURO AUGUSTIN RODRIGUEZ-FERRUFINO,<br><br>                    Petitioner,<br><br>        v.<br><br>TANYA ANDREWS, et al.,<br><br>                    Respondents. | No. 1:26-cv-02432 JLT EPG (HC)<br><br>A-Number: 208-887-537<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER A BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 12) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 14, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner. (Doc. 12.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On May 15, 2026, Respondents filed untimely objections. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court adopts the findings and recommendations in part. The Court agrees with the findings and recommendations that the petition should be granted on procedural due process grounds, for the reasons set forth in numerous prior orders of this Court, including *Castellon v. Kaiser*, No. 1:25-

1

cv-00968 JLT EPG, 2025 WL 2373425 (E.D. Cal. Aug. 14, 2025), and *Garcia v. Andrews*, No. 1:25-cv-01006 JLT SAB, 2025 WL 2420068 (E.D. Cal. Aug. 21, 2025). However, as the findings and recommendations also recognize (Doc. 12 at 5–6), the undersigned has found that a bond hearing is the appropriate remedy in a variety of situations where circumstances indicate an renewed assessment of the Petitioner's danger and/or flight risk is at least arguably warranted.[1] *See, e.g.*, *Chusin Toaquiza v. Lyons*, No. 1:26-CV-02203-JLT-CDB, 2026 WL 1069662, at *1 (E.D. Cal. Apr. 20, 2026) (ordering a bond hearing where detaining agents claimed they activated their lights in order to conduct a vehicle stop but Petitioner attempted to flee, crashed his vehicle into a snowbank, and then fled on food; in contrast, Petitioner claimed agents crashed their vehicle into his without activating their emergency lights).

Here, there appears to be a dispute of fact as to Petitioner's conduct at the time of his re-detention, which occurred during Operation at Large in Los Angeles on January 25, 2026. (Doc. 8-1 at 2.) The I-213 prepared in relation to Petitioner's re-detention, indicates Border Patrol Agent Mstislavski contacted Petitioner after observing Petitioner attempting to use a tool to unlock the locked driver's side door of a parked vehicle. (*Id*. at 3.) Agent Mstislavski, who claims to have been wearing at least some law enforcement insignia at the time, began asking Petitioner questions. (*Id*.) Petitioner refused to answer, attempted to walk away from the scene, and began making other movements Mstislavski found suspicious. (*Id*.) Mstislavski then informed Petitioner that he would be placed under arrest so that Mstislavski could "complete [his] immigration inspection." (*Id*.) According to Mstislavski, Petitioner "instantly began to fight and resist arrest." (*Id*.) Petitioner also began to call out to others in the neighborhood to assist him. (*Id*.) Viewing this as a potentially dangerous situation, the Agent Mstislavski deployed his pepper spray at Petitioner twice, as Petitioner continued to fight and call out for help. (*Id*.) Petitioner ultimately gained control over Agent Mstislavski's pepper spray canister, turned it toward Agent Mstislavski, and attempted to spray it, but was unsuccessful in doing so. (*Id*. at 3–4.) Eventually,

---

[1] The Court notes that Petitioner was previously released on his own recognizance with an ankle monitor that was removed after a few months. He has lived in the United States for the past seven years, paid taxes, appeared at all required hearings, and has no criminal history. (*See* Doc. 12 at 2, *citing* Doc. 1 at 1–2, 24, 26.) His prior release indicates that, at least as of that release date, Respondents determined he was not a danger to the community or a flight risk.

Agent Mstislavski was able to handcuff Petitioner and, with the assistance of another Agent, forced Petitioner into the Agents' vehicle. (*Id*. at 4.) During this struggle, Agent Mstislavski claims that Petitioner bit him on the arm. (*Id*.)

Petitioner offers a different account in the Petition, which alleges Petitioner was "near his own vehicle," "which had [a] problem with the door lock, and he was attempting to open it." (Doc. 1 at 3, 16.) Then, a "regular" (presumably unmarked) "vehicle stopped near his car and 2 masked individuals r[a]n away from that vehicle toward" Petitioner who was "shocked . . . and instinctively stepped back." (*Id*. at 16.) The petition alleges that the officers never identified themselves as Border Patrol agents, did not inform Petitioner that he was under arrest, and started to attack him even though he obeyed their command to show his hands. (*See id*. at 17.)

Under these circumstances, the Court concludes that a bond hearing is the appropriate remedy. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on May 14, 2026 (Doc. 12) are **ADOPTED IN PART**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance

in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 20, 2026**

UNITED STATES DISTRICT JUDGE